**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RSL FUNDING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-941 |
| | § | |
| JESUS RODRIGUEZ, SR., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, RSL Funding, LLC ("RSL"), moves under Federal Rule of Civil Procedure 60(b) for relief from this court's order denying the motion to confirm an arbitration award entered against the defendant, Jesus Rodriguez, Sr. That award would transfer the income stream from a structured settlement Rodriguez holds from Rodriguez to RSL. In exchange, RSL would pay Rodriguez a lump sum much smaller, even accounting for present-value reduction, than the future-income stream. (Docket Entry No. 1, Ex. 1 at 1).

On June 6, 2013, this court denied RSL's motion to confirm the arbitration award because RSL did not demonstrate that it had complied with the Texas Structured Settlement Protection Act's ("SSPA") requirements for transfer. (Docket Entry No. 11). No one at that time challenged subject-matter jurisdiction. RSL asks this court to vacate that order for lack of subject-matter jurisdiction. (Docket Entry No. 17).

Based on the motion, the pleadings, and the applicable law, this court grants RSL's motion, vacates the June 6, 2013 order, and dismisses the suit with prejudice. The reasons for this ruling are explained below.

## I.     Background

On May 3, 2013, RSL, a Texas limited liability company, moved to confirm an arbitration award transferring Rodriguez's structured settlement future-payment rights to RSL. (Docket Entry No. 1). RSL's motion stated that this court had subject-matter jurisdiction. (*Id.* at 1). The transfer had been approved by the 164th Judicial District Court of Harris County, Texas on January 18, 2013, but the approval was for a significantly larger lump-sum payment to Rodriguez. Following that approval, RSL alleged that Rodriguez had provided inaccurate information about his health. (Docket Entry No. 3, Ex. 3 at 1). RSL invoked the arbitration clause in the transfer agreement. There is no evidence that Rodriguez was represented in the arbitration, picked the arbitrator, or participated in person. (*See* Docket Entry No. 3, Ex. 4). The arbitrator entered an award requiring the transfer to RSL but reduced Rodriguez's lump-sum payment from $25,000 to $15,000. (*Id.*).

This court denied, without prejudice, RSL's motion to confirm the arbitration award because RSL did not show that the state court reviewed the reduced lump-sum payment or considered whether the modified agreement complied with the Texas SSPA. (Docket Entry No. 10). On June 6, 2013, this court entered an order denying the motion to confirm and administratively closed the case to permit state-court review under the Texas SSPA of the award amending the transfer agreement. (Docket Entry No. 11).

On July 5, 2013, RSL filed what it styled as an unopposed motion[1] to alter or amend the June 6, 2013 order under Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 12). RSL argued that alteration or amendment of the order was appropriate. Because no court had

---

[1] Rodriguez is unrepresented and, consistent with his prior positions, has not participated in either the state or federal court proceedings.

approved the modified transfer agreement and considered whether it complied with the SSPA's requirements, this court denied RSL's Rule 59 motion.  On November 22, 2013, RSL filed a Rule 60(b) motion seeking relief from the June 6, 2013 order and later amended that motion.  (Docket Entry Nos. 15, 17).

## II.    Analysis

RSL stated in its motion to confirm the arbitration award that this court had subject-matter jurisdiction.  (Docket Entry No. 1 at 1).  RSL now contends that the June 6, 2013 order must be vacated and the case dismissed for lack of jurisdiction.  (Docket Entry No. 17 at 4).  The FAA does not provide a basis for federal subject-matter jurisdiction.  *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009).  The FAA "is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis of the parties' dispute."  *Id.* (internal quotations and alterations omitted).  "[T]here must be diversity of citizenship or some other independent basis for federal jurisdiction."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).  Neither is present here.

RSL and Rodriguez are both Texas citizens for jurisdiction purposes.  *See* 28 U.S.C. § 1332; *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011); *see also* Docket Entry No. 1, Exs. 1, 3 at ¶ 4.  The legal issues other than those arising under the FAA are state-law issues.  *Cf. Vela v. Manning*, 469 F. App'x 319, 321 (5th Cir. 2012) (unpublished) (recognizing that contract claims arise under state law).  Because there is no independent basis for federal jurisdiction, the court lacks subject-matter jurisdiction over the case.

**III.    Conclusion**

RSL's Rule 60(b) motion to vacate the June 6, 2013 order is granted.  The suit is dismissed, without prejudice.

SIGNED on February 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge